**OFFICIAL LOCAL FORM 3**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

**CHAPTER 13 PLAN COVER SHEET**

| | | | |
|---|---|---|---|
| Filing Date: | **10/10/16** | Docket #: | **16-13888** |
| Debtor: | **Robert G Anctil** | Co-Debtor: | |
| SS#: | **xxx-xx-8495; 04-2979765** | SS#: | |
| Address: | **142 Bryant St.**<br>**Berkley, MA 02779** | Address: | |
| | | | |
| Debtor's Counsel: | **Dmitry Lev BBO#:665236** | | |
| Address: | **134 Main Street**<br>**Watertown, MA 02472** | | |
| Telephone #: | **617-556-9990** | | |
| Facsimile #: | **617-830-0005** | | |

**ATTACHED TO THIS COVER SHEET IS THE FIRST AMENDED CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.**

**THE CREDITORS' MEETING PURSUANT TO 11 U.S.C. § 341 IN THIS CASE WAS HELD ON NOVEMBER 22, 2016, AT 9:30AM AT THE J.W. MCCORMACK POST OFFICE & COURT HOUSE, 5 POST OFFICE SQUARE, ROOM 325, BOSTON, MA 02109. THE BAR DATE FOR FILING PROOFS OF CLAIM WAS FEBRUARY 21, 2017, FOR ALL ENTITIES, EXCEPT A GOVERNMENTAL UNIT, FOR WHICH THE DEADLINE WAS 180 DAYS FROM THE DATE THE BANKRUPTCY PETITION WAS FILED.**

**PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THIRTY (30) DAYS AFTER THE § 341 MEETING OR THIRTY (30) DAYS AFTER THE SERVICE OF AN AMENDED OR MODIFIED PLAN TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.**

**OFFICIAL LOCAL FORM 3**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

**PRE-CONFIRMATION CHAPTER 13 PLAN**

FIRST AMENDED CHAPTER 13 PLAN

Docket No.: **16-13888**

DEBTOR(S):  (H)  **Robert G Anctil**    SS# **xxx-xx-8495; 04-2979765**

(W)    SS#

**I. PLAN PAYMENT AND TERM:**

Debtor's shall pay monthly to the Trustee the sum of $ **1,763 x 55 + $1,476 prior to 4/17/2017** for the term of:

☐ 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);

☐ 60 Months. 11 U.S.C. § 1325(b)(4)(A)(ii);

☑ 60 Months. 11 U.S.C. § 1322(d)(2). Debtor avers the following cause:

**A 60-month term is required to ensure feasibility.**                                                              ;or

☐ ____ Months. The Debtor states as reasons therefore:

**II. SECURED CLAIMS**

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
| **Accion USA** | Purchase Money Security on Ford E250 (cramdown - claim being paid as secured up to the value of the collateral, balance to be treated as a General Unsecured claim, see Section V.B) POC No. 24 | $ 800.00 |
| **Synchrony Bank** | Purchase Money Security on Harley Davidson (cramdown - claim being paid as secured up to the value of the collateral, balance to be treated as a General Unsecured claim, see Section V.B) POC No. 25 | $ 3,500.00 |

Total of secured claims to be paid through the Plan  $       4,300.00

B. Claims to be paid directly by debtor to creditors (Not through Plan):

| Creditor | Description of Claim |
|---|---|
| **F.W. Webb Company** | Plaintiff in 1682CV0864 and 1684CV2090 |
| **First Citizen's FCU** | Purchase Money Security on Ford F150 |

| Creditor | Description of Claim |
|---|---|
| **Internal Revenue Service** | **Secured portion for withholding and income tax, POC No. 3 after anticipated amendments once all returns are posted and processed.** |
| **Plumbers and Gasfitters Local Union #12** | **ERISA, Federal Civil Action 1:16-cv-10447-LTS** |
| **PV Sullivan Supply Co, Inc.** | **Plaintiff in Norfolk Civil Action 1682CV0639** |
| **Trustees of the Plumbers and Gasfitters** | **ERISA, Federal Civil Action 1:16-cv-10447-LTS** |
| **Trustees of the Plumbers and Pipefitters** | **ERISA, Federal Civil Action 1:16-cv-10447-LTS** |
| **Wells Fargo Bank, N.A. as Trustee** | **First Mortgage in primary residence (disputed)** |

C. Modification of Secured Claims:

| Creditor | Details of Modification (Additional Details May Be Attached) | Amt. of Claim to Be Paid Through Plan |
|---|---|---|
| **Accion USA** | **Cramdown - claim being paid as secured up to the value of the collateral, balance to be treated as a General Unsecured claim, see Section V.B** | **$800 as secured, $1,100 as general unsecured** |
| **Synchrony Bank** | **Cramdown - claim being paid as secured up to the value of the collateral, balance to be treated as a General Unsecured claim, see Section V.B** | **$3,500 as secured, $12,500 as general unsecured** |

D. Leases:

   i.  The Debtor(s) intend(s) to reject the residential/personal property lease claims of
       **-NONE-**
       ; or

   ii. The Debtor(s) intend(s) to assume the residential/personal property lease claims of
       **-NONE-**
       .

   iii. The arrears under the lease to be paid under the plan are   **0.00**   .

**III. PRIORITY CLAIMS**

A.  Domestic Support Obligations:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **Kandice McCullough** | **Back child support, POC No. 22** | $ **3,935.00** |

B.  Other:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **Internal Revenue Service** | **Priority portion for withholding and income tax, POC. No. 3 after anticipated amendments once all returns are posted and processed** | **57,215.93** |
| **Massachusetts Department of Revenue** | **Priority portion for withholding and income tax, POC No. 23 after anticipated amendments once all returns are posted and processed** | $ **22,610.05** |

Total of Priority Claims to Be Paid Through the Plan  $  **83,760.98**

**IV. ADMINISTRATIVE CLAIMS**

A.  Attorneys fees (to be paid through the plan to Attorney Dmitry Lev within first 12 months of plan):    $ **500.00**  plus **up to amount allowed pursuant to any approved Application for Compensation for Debtor's Counsel, to be paid from any residual funds held by Chapter 13 Trustee upon completion of the Plan (e.g. surplus funds resulting from Trustee's commission that is less than 10% as provided for by the plan, or for any other reason).**

B.  Miscellaneous fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | $ |

C.  The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General.  The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

## V.  UNSECURED CLAIMS

The general unsecured creditors shall receive a dividend of __0.0__ % of their claims.

A.  General unsecured claims:     $__345,301.11__

B.  Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **Accion USA** | **Unsecured portion of Purchase Money Security on Ford E250 (cramdown - claim being paid as secured up to the value of the collateral, see Section II.A.  Balance to be treated as a General Unsecured claim).** | $ **1,100.00** |
| **Synchrony Bank** | **Unsecured portion of Purchase Money Security on Harley Davidson (cramdown - claim being paid as secured up to the value of the collateral, see Section II.A.  Balance to be treated as a General Unsecured claim).** | $ **12,500.00** |

C.  Non-Dischargeable Unsecured Claims:

| Creditor | Description of claim | Amount of Claim |
|---|---|---|
| -NONE- | | $ |

Total of Unsecured Claims (A + B + C):     $ **358,901.11**

D.  Multiply total by percentage:  $__0.00__
    (Example:  Total of $38,500.00 x .22 dividend = $8,470.00)

E.  Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of claim | Amount of claim |
|---|---|---|
| -NONE- | | $ |

Total amount of separately classified claims payable at ____%     $ **0.00**

## VI.  OTHER PROVISIONS

A.  Liquidation of assets to be used to fund plan:

**Proceeds from actions listed in Sch B Line 30 will be contributed to the plan if recovery is successful, subject to any exemptions, or as otherwise ordered by the Court.  Value reflected in the liquidation analysis is speculative, and may not reflect actual recovery.**

B. Miscellaneous provisions:

1. **Secured claims of Accion USA and Synchrony Bank are being crammed down and bifurcated into secured and unsecured portions. The secured portion of each of these claims is indicated as the current value of the collateral, and will be paid through the Plan. The remaining balances will be treated as unsecured, subject to the dividend for General Unsecured Claims.**

2. **Upon receipt of the full amount of the secured portion of the claims (in the case of Accion USA - $800.00 and in the case of Synchrony Bank - $3,500.00), these creditors shall take steps to release or discharge its liens on the underlying collateral (in the case of Accion USA - 2003 Ford E250 VIN # 1FTNE24253HA13072, and in the case of Synchrony Bank - Harley Davidson VIN # 1HD1FRW17YY640497), and, if appropriate, mail the certificates of title to the Debtor within 30 days after receipt of such amounts.**

3. **Upon confirmation, all secured lenders not subject to cramdown or a surrender shall commence all usual and customary billing and invoicing for post-petition payments. This includes, but is not necessarily limited to, sending invoices and statements directly to the debtor, allowing the debtor on-line access to their account information, and corresponding directly with the debtor on post-petition issues, with a copy to debtor's counsel. Practices under this paragraph shall not be deemed a violation of Section 362.**

4. **Mortgagees and servicers, if any, shall fully comply with the Real Estate Settlement Procedures Act (RESPA) and the Truth in Lending Act (TILA), and shall advise debtor, debtor's counsel, and the trustee with details of all monthly payment adjustments and escrow shortages or surpluses.**

5. **All creditors must file proofs of claim. General unsecured creditors who do not file proofs of claim with the clerk of the court will not be paid, and their claims will be discharged without payment, unless excepted from discharge by 11 USC §523(a)(8) or unless otherwise ordered by the Court.**

6. **If this plan provides for the debtor to make post-petition payments directly to a secured creditor, such payments shall be applied ONLY to payments coming due post-petition; payments received from the trustee, if any, shall be applied ONLY to pre-petition arrears, including any allowed pre-petition fees and charges. No payments shall be applied to fees and charges that have not been allowed by the court after notice and an opportunity for a hearing. See 11 USC §524(i).**

7. **Pursuant to 11 USC §1325(a)(1), the debtor shall commence making the payments proposed by this plan within thirty days after the plan is filed, unless the court orders otherwise. If any preconfirmation adequate protection payments are required by 11 USC §1326(a)(1)(C), such payments shall be made by the Trustee directly to the creditor.**

8. **This is a 'pot' plan, in which the total of all payments to the unsecured creditors is a constant amount, from which holders of allowed priority and administrative claims, including allowed claims for administrative expenses, shall be paid 100%. The Trustee shall distribute the balance ratably amongst holders of other allowed unsecured claims. The percentage dividend stated in this plan is an estimate based on claims currently known to the Debtor(s) and does not govern the amount of payments to general unsecured creditors. General unsecured creditors are advised that they may receive more or less than the percentage dividend stated in this plan and that payments to them may decrease over the life of the plan due to allowance of administrative claims or expenses, or increase if other claims are disallowed or withdrawn.**

9. **Unpaid administrative claims or expenses shall survive the termination or conversion of this case.**

10. **Completion of the Plan and the entry of discharge pursuant to §1328 will act to discharge all pre-petition tax claims of the United States of America (Internal Revenue Service) and the Commonwealth of Massachusetts (Massachusetts Department of Revenue), including any claims for post-petition interest.**

11. **This plan is intended to have all provisions required by §§1322 and 1325, and shall be construed accordingly even if not explicitly so set forth herein.**

12. **Pursuant to 11 USC §1306, all income and non-exempt assets of the debtor, including those acquired post-confirmation, shall remain property of the estate until discharge or dismissal.**

## VII. CALCULATION OF PLAN PAYMENT

| | | |
|---|---|---:|
| A) Secured claims (Section I-A Total): | $ | 4,300.00 |
| B) Priority claims (Section III-A&B Total): | $ | 83,760.98 |
| C) Administrative claims (Section IV-A&B Total): | $ | 500.00 |
| D) Regular unsecured claims (Section V-D Total):+ | $ | 0.00 |
| E) Separately classified unsecured claims: | $ | 0.00 |
| F) Total of a + b + c + d + e above: | =$ | 88,560.98 |
| G) Divide (f) by .90 for total including Trustee's fee: Cost of Plan= | $ | 98,401.09 |

(This represents the total amount to be paid into the Chapter 13 plan)

H. Divide (G), Cost of Plan, by Term of Plan,   **60** months

I. Round up to nearest dollar for Monthly Plan Payment:   $ **$1,763.00 x 55 + $1,476 prior to 4/17/2017**

(Enter this amount on page 1)

## VIII. LIQUIDATION ANALYSIS

A. Real Estate:

| Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---|---|
| **142 Bryant St Berkley, MA 02779  Bristol County**<br>**4BR, 7BA 3200 sq ft** | $ **451,443.00** Debtor owns 50% | $ **600,000.00** |

| | | |
|---|---|---:|
| Total Net Equity for Real Property: | $ | 0.00 |
| Less Exemptions (Schedule C): | $ | 0.00 |
| Available Chapter 7: | $ | 0.00 |

B. Automobile (Describe year, make and model):

| Description | | Value | | Lien | | Exemption |
|---|---|---:|---|---:|---|---:|
| **2012 Ford F150 109,000 miles** | Value $ | 25,000.00 | Lien $ | 21,563.00 | Exemption $ | 3,437.00 |
| **2003 Ford E250 250,000 miles** | Value $ | 800.00 | Lien $ | 1,900.00 | Exemption $ | 0.00 |
| **2001 Harley Davidson Roadking 22,000 miles** | Value $ | 3,500.00 | Lien $ | 16,000.00 | Exemption $ | 0.00 |

| | | |
|---|---|---:|
| Total Net Equity: | $ | 3,437.00 |
| Less Exemptions (Schedule C): | $ | 3,437.00 |
| Available Chapter 7: | $ | 0.00 |

C.  All other Assets (All remaining items on Schedule B):   (Itemize as necessary)

**Usual Household Goods and Furnishings**
**HP Office Computer**
**Samsung Flat Screen TV**
**Men's Apparel**
**Cash**
**Payroll: Citizens Account**
**Checking: Mechanics Coop Bank Operating**
**Payroll: Mechanics Coop Bank Payroll Account**
**Checking: Mechanics Coop Bank Personal Account**
**Pension: Plumbers and Gasfitters Local 12 Retirement Account**
**Prepaid Dental Services: Deposit with Dr. Mark Turner DDS**
**Bay State Services (levied by IRS) (the value of this receivable was originally listed as $60,000 on Schedule B, however as recovery is unlikely, this line item is valued at $0 for the purposes of the liquidation analysis). See also Section VI.A of the Plan.**
**Tocci Construction Homewood Suites Project - see Section VI.A of the Plan.**
**Potential proceeds from Civil Action Robert J. Stevens v. Pro Con, Inc. v. RS Anctil Plumbing (the value of this receivable was originally listed as $30,000 on Schedule B, however as recovery is unlikely, this line item is valued at $0 for the purposes of the liquidation analysis).  See also Section VI.A of the Plan.**
**Life Insurance Policy through Union**
**Liberty Mutual Insurance Company Commercial Liability**
**The Hartford, Workers' Compensation Policy**
**Travelers Homewoners Policy**
**Commerce Insurance Auto Policy**
**Gordon Schultz legal malpractice claims**
**Office Furniture**
**Plumbing Tools**
**Plumbing Materials**

| | |
|---|---|
| Total Net Value: | $ **41,662.00** |
| Less Exemptions (Schedule C): | $ **31,662.00** |
| Available Chapter 7: | $ **10,000.00** |

D.  Summary of Liquidation Analysis (total amount available under Chapter 7):

Net Equity (A and B) plus Other Assets (C) less all claimed exemptions:   $         **10,000.00**

E.  Additional Comments regarding Liquidation Analysis:

## IX. SIGNATURES

Pursuant to the Chapter 13 rules, the debtor or his or her attorney is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

**/s/ Dmitry Lev**                                                                              **April 17, 2017**
**Dmitry Lev BBO#:665236**                                                              Date
Debtor's Attorney
Attorney's Address:  **134 Main Street**
**Watertown, MA 02472**
Tel. #:   **617-556-9990 Fax:617-830-0005**
Email Address:  **dlev@levlaw.net**

**I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.**

Date  **April 17, 2017**                                        Signature   **/s/ Robert G Anctil**
                                                                                          **Robert G Anctil**
                                                                                          Debtor