UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:  ROBERT G. ANCTIL,                                    Chapter 13
                    Debtor,                                           Case No: 16-13888-MSH

## MEMORANDUM OF LAW IN SUPPORT OF
## TRUSTEE'S MOTION FOR ORDER DISMISSING CASE

Now comes the Chapter 13 Trustee (the "Trustee") and pursuant to this Court's Order

dated April 13, 2017, files this Memorandum of Law in Support of the Trustee's Motion for

Order Dismissing Case filed on March 28, 2017 ("the Motion") and states as follows:

1.      On October 10, 2016, the above-captioned debtor (the "Debtor") filed a petition

for relief under Chapter 13 of the United States Bankruptcy Code.  On November 22, 2017 the

Trustee convened and presided over the meeting of creditors pursuant to 11 U.S.C. §341, at

which the Debtor was present with counsel, and was sworn and examined by the Trustee.

2.      On November 17, 2016, the Debtor filed Schedule A/B - J.  On Schedules D and

E/F the Debtor lists numerous claims with the value as "unknown".  The total amount of secured

claims on schedule D is $639,463.00 and the total amount of priority/unsecured claims on

schedule E/F is $345,301.11.  The bar date for claims was February 21, 2017, with the

government bar date of April 10, 2017.

3.      On March 28, 2017, the Trustee filed the Motion.  The Motion alleged that under

11 U.S.C. §109(e), the total amount of the Debtor's secured debts exceeded the limit of

$1,149,525.00 and the total amount of the Debtor's administrative, priority and general

unsecured debts exceeded the limit of $383,175.00.

4.      Since the Motion was filed the bar dates have passed. According to the claims

register, the filed secured claims total $1,209,657.11, the filed priority claims total $930,557.78

and the filed general unsecured claims total $1,755,681.55.  However, the Debtor has since filed numerous claims objections, some of which have been sustained, and some of which are still pending.

5.       The Trustee has reviewed each filed claim, taking into account whether an objection was filed, the status of the objection, and the status of the claim. The Trustee has determined that even with the objections and taking into account all contingencies, the Debtor remains over the debt limits in 11 U.S.C. §109(e) for unsecured claims[1].  The total amount of unsecured and priority claims filed equals $661,974.02. This amount does not include claims where an objection is pending or has been sustained.

6.       The following claims have been filed:

#1 Pick Crane Service, Inc. - $1,296.00 unsecured.

#2 Gordon N. Schultz, Esq. - $165,632.05 unsecured (an objection was filed because the claim listed a security interest.  That objection was sustained but the claim is an allowed general unsecured claim)

#6 American Infosource - $4,178.41 unsecured.

#9 Midland Funding – $2,136.51 unsecured.

#11 Tradesman International, LLC - $5,763.00 unsecured.

#17 Timberline Construction Corp. - $139,278.40 unsecured.

#20 PV Sullivan Supply Co. - $244,465.06 unsecured.

#22 Kandice McCullough - $3,935.00 priority.

---

1 After reviewing all claims filed claims and taking into account all pending objections the Trustee has determined that the Debtor does not exceed the debt limit for secured claims.

#24 Accion USA - $1,100.00 unsecured.

#25 Synchrony Bank - $12,500.00 unsecured.

TOTAL:  $580,284.43.

In addition, the IRS and DOR have filed claims to which objections are currently pending.  The

basis of the objections are that the claims are based on estimates due to unfiled tax returns and

that the Debtor has now filed all returns and the claims should be adjusted.  The Trustee has

reviewed the claims filed by the DOR and IRS and has determined that the majority of the taxes

listed in the claims are assessed claims for filed returns.  When the claims are adjusted to include

only the assessed claims, the amounts due to the IRS and DOR would be as follows:

#3 IRS:  $26,577.82 priority; $29,140.09 unsecured

#23 DOR: $23,162.91 priority; $2,808.77 unsecured.

TOTAL:  $81,689.90.

7.       When the IRS and DOR claims are added to the total of allowed unsecured

claims, the total amount of unsecured debt is $661,974.33[2].  Pursuant to 11 U.S.C. §109(e), only

an individual with regular income that owes on the date of filing of the petition noncontingent,

liquidated, unsecured debts of less than $383,175.00 may be a debtor under Chapter 13.   The

Trustee therefore asserts that the Debtor has exceeded the amount allowed under §109(e) for

unsecured claims and is not eligible to be a debtor in a Chapter 13 based on the allowed filed

claims.

---

2 There are also two (2) claims (#7 and #8), filed by M. Solberg Enterprises Corp., each asserting an unsecured
claim in the amount of $8,000.00. The Debtor objected to both claims.  The objections were sustained and the Court
has ordered the Debtor to file affidavits setting forth the amount the Debtor believes should be the allowed amount of
the claim.  Unless the affidavits filed assert that $0 should be the amount allowed these claims will increase the total
amount of unsecured claim by the allowed amounts.  In addition, there are pending objections to claims #12, 13, 14,
15, 16 and 18 which have not been resolved. If these objections are overruled the total amount of priority claims
could increase by as much as $406,060.26 and the total amount of general unsecured claims by as much as
$125,239.20.

8.      The Debtor has listed many of the above claims as "unknown" on Schedule E/F or

has listed them as "contingent", "disputed" or "unliquidated" as follows:

 #2 Gordon N. Schultz, Esq. – contingent, unliquidated and disputed.

 #3 IRS – unknown amount and disputed.

 #17 Timberline Construction Corp. – unknown amount.  Contingent disputed and

 unliquidated.

 #20 PV Sullivan Supply Co. – unknown amount.  Contingent, disputed and

 unliquidated.

 #22 Kandice McCullough – unknown amount.  Contingent, disputed and

 unliquidated.

 #23 DOR – unknown amount and disputed.

 #24 Accion USA – disputed.

9.      Because many of these debts were listed as "unknown" the amount on Schedule

E/F when the petition was filed was $345,301.11 which is below the limit set forth in 11 U.S.C.

§109(e).  However, the Trustee asserts that the majority of these claims were known to the

Debtor prior to the petition date and the Debtor should have been able to list values for these

claims rather than listing them as "unknown."  As such, the Trustee asserts that the Debtor did

not file Schedule E/F in good faith and the Court can look to post-petition events, including the

filed claims, in determining eligibility.

10.     When it appears that a debtor did not exercise reasonable diligence or good faith

in completing and filing the schedules, bankruptcy courts can look to other evidence, including

post-petition events.  DeJounghe v. Mender, 334 B.R. 760, 768 (. B.A.P. 1st Cir. 2005).  A

debtor's designation of a debt as "unknown" or "unliquidated" does not settle the question. The

Court is not necessarily bound by the information contained in the schedules where it appears to

a legal certainty that the amount owed is other than what the debtor says is owed. <u>DeJounghe</u> at

768 *citing* <u>In Re Redburn</u>, 193 B.R. 249,255 (Bank.W.D. Mich. 1996). When a good faith

objection to the debtor's eligibility under §109(e) is raised, a bankruptcy court can look beyond

the schedules to other evidence including proofs of claim. <u>In re Rios</u>, 476 B.R. 685

(Bankr.D.Mass. 2012).

      11.     As stated above, the claims that were listed as "unknown" have now been

determined by the proofs of claim filed by the Creditors. The Debtor has not provided any basis

for listing these claims as "unknown" and the Trustee believes that the purpose of listing them as

"unknown" was to allow the Debtor to meet the eligibility requirements for Chapter 13. The

Debtor could have exercised due diligence and at the very least provided any estimate for the

amounts due to these creditors. The Debtor has a duty to assert reasonable diligence when

preparing bankruptcy schedules. The court cannot allow a debtor to self-determine his own

bankruptcy eligibility. <u>In re Piovanetti</u>, 496 B.R. 57 (Bankr. D.P.R. 2013), *citing* <u>Gonsalves v.</u>

<u>Belice (In re Belice),</u> 480 B.R. 199 (B.A.P. 1st Cir. 2012), *and* <u>Lubeck v. Littlefield's Restaurant</u>

<u>Corp. (In re Fauchier),</u> 71 B.R. 212 (B.A.P. 9th Cir. 1987).

      12.     In addition to listing the amounts as "unknown" the Debtor lists the majority of

the debts on Schedule E/F as "contingent", "disputed" or "unliquidated." The Trustee asserts

that this is further evidence of the Debtor's bad faith and attempt to circumvent the eligibility

requirements of 11 U.S.C. §109(e) and provides further reason for the Court to look to the proofs

of claim filed and post-petition events to determine eligibility.

13.     The Debtor lists claims #2, #17, #20 and #22 as "contingent."  The Debtor does not provide any basis for the contingency of the claims.  Further, the proposed Chapter 13 Plan does not provide for any of the debts that are allegedly contingent to be separately classified and paid by any other entity or person.  The Debtor cannot simply list a claim as contingent without any evidence to support the alleged contingency of the claim.  The mere fact that a debtor in his schedules characterizes his debts as contingent does not bar the court from making inquiry as to the true state of affairs.  In re Prince, 5 B.R. 432, (Bankr. W.D.N.Y. 1980).

14.     The Debtor also cannot designate claims as disputed or unliquidated without providing a good faith basis for such designation.  Designating virtually all of the scheduled secured and unsecured claims as contingent or unliquidated particularly when the debtor would otherwise far exceed the debt limits certain raises, at a minimum, an inference that the debtor is abusing the judicial process.  In re De La Hoz, 451 B.R. 192 (Bankr. M.D.Fl. 2011). A debtor's designation of debt as unliquidated does not settle the question.  Just because a creditor has been scheduled in one fashion or another does not necessarily make it so.  In re Smith, 365 B.R. 770 (Bankr.S.D.Ohio 2007) citing In re Stern, 266 B.R. 322 (Bankr.D.Md. 2001) and In re McGovern, 122 B.R. 712 (Bankr.N.D. Ind. 1989).

15.     Had the Debtor accurately listed all of the claims when he filed Schedules D and E/F the Trustee would have known at the time of the meeting of creditors that the Debtor exceeded the allowed limit of unsecured debt and is not eligible to be debtor in a Chapter 13 case and would have moved to dismiss the case at that time.  The Trustee therefore asserts that the Debtor did not file schedules D and E/F in good faith which is grounds for dismissal pursuant to 11 U.S.C. §1307(c).

WHEREFORE, the Trustee respectfully requests that this Court enter an Order dismissing this case and for such other relief as is proper.

Dated:  June 26, 2017

Respectfully submitted,
Carolyn A. Bankowski
Standing Chapter 13 Trustee
/s/ Patricia A. Remer
Carolyn A. Bankowski, BBO#631056
Patricia A. Remer, BBO#639594
Office of the Chapter 13 Trustee
PO Box 8250
Boston, MA  02114-0022
(617) 723-1313
13trustee@ch13boston.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the within Memorandum of Law was served upon the Debtor and Debtor's counsel by first class mail, postage prepaid, or by electronic notice, as follows:

Robert G Anctil                                    Dmitry Lev
142 Bryant St.                                     Law Offices of D. Lev, PC
Berkley, MA 02779                                  134 Main Street
                                                   Watertown, MA 02472

Dated:  June 26, 2017

/s/ Patricia A. Remer
Patricia A. Remer, BBO#639594