# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# EASTERN DIVISION

|   |   |
|---|---|
| In re: <br><br> ROBERT G. ANCTIL <br><br> Debtor | Chapter 13 <br> Case No. 16-13888-MSH |

## ORDER ON MOTION OF CHAPTER 13 TRUSTEE TO DISMISS CASE

Carolyn A. Bankowski, the standing chapter 13 trustee, seeks dismissal of this case because, based on the proofs of claim filed, the total non-contingent, liquidated and unsecured debt of Robert G. Anctil, the debtor, exceeds the $394,725 statutory maximum for chapter 13 eligibility imposed by Bankruptcy Code § 109(e). Mr. Anctil responds that the determination of indebtedness for chapter 13 eligibility must be based solely on the schedules of liabilities filed in support of one's bankruptcy petition, and his schedule E/F listed non-contingent, liquidated, unsecured debts totaling $345,301.11, putting him under the maximum.

One of the creditors listed by Mr. Anctil on his schedule E/F is Gordon Schultz, whose debt is listed as contingent, unliquidated and disputed in an unknown amount. Ms. Bankowski points out that Mr. Schultz has filed a proof of claim in this case based on a state court judgment against Mr. Anctil which has been allowed as an unsecured claim in the amount of $165,632.05. Mr. Anctil argues that when he filed his bankruptcy petition he had various bases for challenging that judgment, which is why he listed Mr. Schultz's claim on his schedules in the manner he did. That Mr. Anctil disputes his liability for the judgment, however, neither excuses his listing the amount of the debt as unknown, nor renders the claim unliquidated or contingent. Mr. Anctil's listing of Mr. Schultz's claim in this manner indicates, at the very least, a lack of reasonable

diligence in completing his schedules. This leaves me no choice but to look beyond the schedules to the filed proofs of claim in determining Mr. Anctil's eligibility under § 109(e). *In re De Jounghe*, 334 B.R. 760, 768 (B.A.P. 1st Cir. 2005).

The fact that Mr. Schultz's claim is disputed does not exempt it from inclusion in the § 109(e) debt calculation. *In re Robinson*, No. 12-15591-FJB, 2012 WL 5457336, at *2 (Bankr. D. Mass. Nov. 8, 2012). The statute applies to unsecured claims that are liquidated and non-contingent. An unsecured claim that is liquidated and non-contingent, even a disputed one, is included in the § 109(e) debt calculation. Mr. Schultz's claim is liquidated because it has been reduced to judgment and is thus easily calculable. *In re Mitchell,* 255 B.R. 345, 360 (Bankr. D. Mass. 2000). The claim is non-contingent because all preconditions leading up to Mr. Anctil's legal duty to pay it had occurred prior to his bankruptcy filing. *In re Mazzeo,* 131 F.3d 295, 303 (2d Cir. 1997). When Mr. Schultz's claim is included, the total amount of Mr. Anctil's non-contingent, liquidated, unsecured debt is $510,933.16, rendering him ineligible for chapter 13 relief.

Additionally, Mr. Anctil's debts to the Internal Revenue Service (IRS) and the Massachusetts Department of Revenue (DOR), which he failed to list on schedule E/F, put him further over the unsecured debt limit for chapter 13 eligibility. He listed the amounts owed to these taxing authorities as unknown and only as priority debts on schedule D. Proofs of claim filed by the IRS and DOR assert unsecured claims of $345,277.37 and $57,998.36, respectively. Mr. Anctil has objected to these proofs of claim but in doing so he acknowledges that he indeed has unsecured liability to these creditors only in lesser amounts. Mr. Anctil should have estimated these liabilities and listed them. Had he done so, he would have increased further the

2

amount by which his unsecured debts exceed the maximum for chapter 13 eligibility.

Based on the foregoing, the motion of the chapter 13 trustee to dismiss this case will be allowed unless by August 15, 2017, Mr. Anctil moves to convert this case to one under a chapter of the Bankruptcy Code providing relief for which he is eligible.

Dated: August 1, 2017                                                                   By the Court,

                                                                                        Melvin S. Hoffman
                                                                                        U.S. Bankruptcy Judge